UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL GIESBRECHT,<br><br>    Plaintiff<br><br>v.<br><br>WARDEN GARRETT, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00113-RCJ-CSD<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF Nos. 43, 44 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court are Plaintiff's emergency motions for a temporary restraining order and preliminary injunction. (ECF Nos. 43, 44.)

After a thorough review, it is recommended that Plaintiff's motions be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Second Amended Complaint (SAC), ECF No. 36.) The court screened his second amended complaint and allowed Plaintiff to proceed with an Eighth Amendment failure to protect claim against Barillo based on allegations that Barrios deliberately informed Plaintiff's cellmate of Plaintiff's LGBTQ status, knowing it would put Plaintiff in danger, and Plaintiff was ultimately attacked and suffered serious injuries. In addition, Plaintiff was allowed to proceed with an Eighth Amendment conditions of confinement claim against a John Doe officer once Plaintiff learns his/her identity based on

allegations that the prison conducts regular welfare checks, but no one checked on Plaintiff for three days when he was seriously injured as a result of the attack by his cellmate. (ECF No. 35.)

Plaintiff has now filed emergency motions for injunctive relief to order Defendants to stop retaliatory actions that prohibit free speech; allow legal assistance between inmates; and stop punishment against Plaintiff for reporting officer misconduct. (ECF Nos. 43, 44.)

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of

preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).). T

A temporary restraining order is appropriate when irreparable injury may occur before the court can hold a hearing on a motion for preliminary injunction. *See* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999). The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001); *see also* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999).

In seeking injunctive relief, however, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

### III. DISCUSSION

Preliminarily, Plaintiff has filed emergency motions, but he does not comply with Local Rule 7-4, which requires an emergency motion to be accompanied by a declaration that sets forth the nature of the emergency as well as a statement certifying that the movant was unable to resolve the matter without court action and how the other affected people or entities were

notified, or if not, why it was not practicable to do so. LR 7-4(a). This alone justifies denial of the motions. LR 7-4(c).

In these motions, Plaintiff asserts that after the incident that is the subject of this action, he was transferred to High Desert State Prison, and subsequently got a job as a law clerk. During this job, he learned of a threat against another law clerk (a hit on another inmate), which he relayed to a Correctional Officer, and no action was taken. Plaintiff was harassed to collect payment related to the threat, and he was confronted about this and was attacked. He reported the attack and his injuries to officers, but three days passed with no response. Later, Plaintiff was given an envelope to give to another inmate, which he gave to officers, and discovered it contained illicit drugs. He reported this incident to officers. He claims that another officer at HDSP asked Plaintiff about his PREA designation, which his inmate said "sound[ed] exactly like the words that caused" the prior attack on Plaintiff. Plaintiff asserts that no action was taken to correct these issues, and instead, Plaintiff's level was reduced, and he was moved to another unit and removed from his law clerk job. He also asserts that in this unit, he is not allowed to use the law library, and inmates cannot speak to others or get legal help from other inmates. Plaintiff states that he and his cellmate filed a complaint regarding some of these issues, but the complaint is awaiting screening: 2:23-cv-00927-JAD-NJK.

This action is proceeding with two discreet claims regarding the failure to protect and the failure to conduct well checks for three days while Plaintiff was injured. While *some* of the allegations made in these motions are *similar* to the allegations proceeding in this action, they are *different* incidents that occurred at a *different* NDOC facility, and involve *different* officers. That is to say, the relief Plaintiff seeks in these motions lacks a sufficient nexus with the claims

proceeding in this action; therefore, the court lacks authority to grant the relief requested, and Plaintiff's motions should be denied.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motions for a temporary restraining order and preliminary injunction (ECF Nos. 43 and 44.)

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 14, 2023

_____
Craig S. Denney
United States Magistrate Judge